IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chris Wysong, | No. CV-25-00261-TUC-JR |
| Plaintiff, | **ORDER** |
| v. | |
| Home Depot USA Incorporated, | |
| Defendant. | |

On April 29, 2025, Plaintiff sued Defendant Home Depot USA, Inc., ("Home Depot") in Arizona Superior Court, Pima County for an injury he allegedly received when he hit his head on a "Geico sculpture" that was in a Home Depot parking lot in Oro Valley, Arizona. (Doc. 1-3 at 3-4.) In his Complaint, Plaintiff alleges he suffered damages in the amount of $14,756.47 in medical expenses and $6,151.84 for "[l]ost travel and hotel expenses." *Id*. at 5. In addition, he seeks "$750,000.00 in damages." *Id*.

On May 30, 2025, Defendant filed its Notice of Removal claiming the district court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. (Doc. 1.) Defendant claims that the amount in controversy requirement is met based on the allegation in the Complaint that Plaintiff seeks "$750,000 in damages." *Id*. at 1.

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Angello v. Target Corp.*, No. 5:23-CV-01097-FLA (DTBX), 2024 WL 3821493, at *1 (C.D. Cal. Aug. 12, 2024) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); U.S. Const. art. III, § 2, cl. 1. "District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record." *Angello*, 2024 WL 3821493, at *1 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006)). "Federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case." *Angello*, 2024 WL 3821493, at *1 (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). "A notice removing an action from state court to federal court must include 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Angello*, 2024 WL 3821493, at *1 (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). Where, *inter alia*, "the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Angello*, 2024 WL 3821493, at *1 (quoting *Dart*, 574 U.S. at 88–89). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Angello*, 2024 WL 3821493, at *1 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). "As the removing party, [the d]efendant bears the

burden" that the court has subject matter jurisdiction. *Angello*, 2024 WL 3821493, at *1 (citing *Gaus*, 980 F.2d at 567).

Upon review of the Notice of Removal this Court cannot conclude that the district court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). In other words, this Court finds that the allegations contained in the Notice of Removal do not demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly,

**IT IS HEREBY ORDERED DIRECTING** the parties to show cause, in writing only, by **June 16, 2025**, why this action should not be remanded for lack of subject matter jurisdiction because the amount in controversy does not exceed the jurisdictional threshold.

Dated this 2nd day of June, 2025.

Honorable Jacqueline M. Rateau
United States Magistrate Judge

- 3 -